UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL GARMANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-2936 |
| | ) |
| CONTOUR HARDENING, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Michael Garmany ("Garmany"), brings this action against Defendant, Contour Hardening, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

## PARTIES

2. Garmany has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5. Garmany is an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7. Garmany is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8.  Between January 1, 2019, and December 31, 2019, Garmany was an "eligible employee" as that term is defined by the FMLA.

9.  Between January 1, 2020, and March 26, 2020, Garmany was an "eligible employee" as that term is defined by the FMLA.

10. Garmany had a "serious health condition," as that term is defined by the FMLA, in 2019 and 2020.

11. Between January 1, 2019, and December 31, 2019, Defendant employed 50 or more employees within a 75-mile radius of the location at which Garmany worked.

12. Between January 1, 2020, and March 26, 2020, Defendant employed 50 or more employees within a 75-mile radius of the location at which Garmany worked.

13. Garmany worked 1,250 or more hours in the 12-month period preceding June 1, 2019.

14. Garmany worked 1,250 or more hours in the 12-month period preceding January 1, 2020.

15. Garmany satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued right-to-sue notice to Garmany. He now timely files his lawsuit.

16. Venue is proper in this Court.

### **FACTUAL ALLEGATIONS**

17. Garmany has been diagnosed with and treated for diabetes since in or about June 2019.

18. Garmany's disability has substantially limited him in several major life activities, including, but not limited to, eating and the functioning of his endocrine system. He treats his

disability with medications and food.

19. NSC Technologies, LLC and its predecessors assigned Garmany to work at Defendant as a Process Technician on or about June 13, 2014.

20. Garmany worked at Defendant until it fired him on or about March 26, 2020. Defendant, through its supervisors, controlled Garmany's employment, including, but not limited to, supervising him, assigning work to him, issuing discipline to him, and firing him.

21. Garmany's work performance met, or exceeded, Defendant's legitimate expectations at all relevant times.

22. In or about June 2019, Garmany advised Defendant of his diabetes. He asked that he be permitted occasionally, as required by his disability, to arrive late to work or leave work early when his disability (or hypoglycemic episodes) flared up.

23. Garmany's request for a modified intermittent work schedule constituted a request for a reasonable accommodation. Defendant did not engage in the interactive process with him and did not proffer a reasonable accommodation to him. Defendant did not advise him about intermittent FMLA leave.

24. Between on or about June 1, 2019, and on or about March 26, 2020, Garmany's disability flared up, and he periodically arrived late to work and left work early. He advised Defendant for each absence that he would be late or leaving early because of his disability. He arrived late or left early approximately one to two times per month, to the extent his disability required that he be late or leave early. There were some months that he did not require the modified work schedule because he was able to report to work on time as his disability did not flare up.

25. In or about October, November, and December 2019, Garmany renewed his requests

for a reasonable accommodation. Defendant again did not engage in the interactive process with him, let alone advise him about his eligibility for intermittent FMLA leave.

26. Garmany submitted a medical note from his doctor to Defendant requesting an accommodation in or about December 2019.

27. Defendant issued attendance points to Garmany, rather than provide an accommodation to him. In or about November 2019, Defendant issued a written warning to him for purportedly accumulating too many points.

28. Defendant fired Garmany on or about March 26, 2020.

29. Defendant took adverse employment actions against Garmany because of his disability, his record of a disability, its perception of him being disabled, his requests for FMLA-qualifying FMLA leave, and/or his statutorily-protected activities.

30. Defendant has accorded more favorable treatment to at least one similarly-situated individual outside of his protected classes.

31. All reasons proffered by Defendant for adverse actions taken by it regarding Garmany's employment are pretextual.

32. Garmany has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

33. Garmany hereby incorporates paragraphs 1-32 of his Complaint.

34. Garmany asked for a reasonable accommodation.

35. Defendant did not provide a reasonable accommodation to Garmany.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Garmany's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

37. Garmany hereby incorporates paragraphs 1-36 of his Complaint.

38. Defendant took adverse employment actions against Garmany because of his disability, record of a disability, and/or its perception of him being disabled.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Garmany's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

40. Garmany hereby incorporates paragraphs 1-39 of his Complaint.

41. Garmany engaged in statutorily-protected activities.

42. Defendant took adverse actions against Garmany because of his statutorily-protected activities.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Garmany's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

44. Garmany hereby incorporates paragraphs 1-43 of his Complaint.

45. Garmany asked for intermittent FMLA-qualifying leaves.

46. Garmany took FMLA-qualifying leaves.

47. Defendant did not advise Garmany of his rights under the FMLA.

48. Defendant disciplined and fired Garmany because of his intermittent FMLA-qualifying leaves.

49. Defendant interfered with Garmany's substantive FMLA rights.

50. Defendant took adverse employment actions against Garmany because of his FMLA requests and/or FMLA qualifying leaves.

51. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Garmany's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Garmany, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant pay lost wages and benefits to Garmany;

2. Defendant pay compensatory and punitive damages to Garmany;

3. Defendant pay liquidated damages to Garmany;

4. Defendant pay pre- and post-judgment interest to Garmany;

5. Defendant pay Garmany's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Garmany any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Michael Garmany

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
bwilson@jhaskinlaw.com
smelton@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Michael Garmany, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Michael Garmany